IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIAM DAVIS BURRIS, etc., et al.,     )
     )
     Plaintiffs,     )
     )
vs.     )     CIVIL ACTION NO. 2:08cv591-WHA
     )     (WO)
DONALD L. HOLLEY,     )
     )
     Defendant.     )

## **ORDER**

This case is before the court on the Motion of Defendant to Change Venue (Doc. #5), together with the Plaintiffs' Response.

The Defendant seeks to have this case transferred from the Northern Division, where it was filed, to the Southern Division, where the Defendant lives.  Plaintiffs contend that, since jurisdiction is proper in this district, they have a right to bring the suit in any of its three divisions, and that the only basis for a transfer without their consent would be 28 U.S.C. § 1404(a) authorizing a transfer "for the convenience of parties and witnesses, in the interest of justice."  The Plaintiffs are resident citizens of Florida, and there is no dispute that the Middle District of Alabama has diversity jurisdiction over the case.

Title 28 U.S.C. section 1393, which provided divisional venue within districts divided into more than one division, was repealed in 1988, Pub. L. No. 100-702, 102 Stat. 4664 (1988), and this court has no local divisional venue rule.  Nevertheless, it has been the customary procedure in this district for civil diversity cases to be assigned to the division in which at least one defendant resides, or in which the cause of action arose, and for civil jury trials to be tried by

a jury selected from a panel of residents of that division.  In this case, there is no jury demand.

Also, more often than not, pretrial hearings and motion hearings prior to actual trial of Southern

Division cases are held in Montgomery.  The Defendant has shown no witnesses, other than the

Defendant, who would be more convenienced by a trial of the case in Dothan, and has cited the

court to no records or other evidence which would be more conveniently produced in Dothan

than in Montgomery.  Although the court recognizes its discretion to do so, based on the

evidence presently submitted the court cannot find that the interest of justice would be served by

transferring the trial of this non-jury case to the Southern Division.  Accordingly, it is hereby

ORDERED that the Motion to Change Venue is DENIED.

DONE this 25th day of September, 2008.


/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE