IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM DAVID BURRIS and | ) | |
| DEBORAH LEE ENGLISH, as trustees for | ) | |
| the HOWARD H. BURRIS REVOCABLE | ) | |
| LIVING TRUST DATED DECEMBER | ) | |
| 4, 1999, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:08cv591-WHA |
| | ) | |
| DONALD L. HOLLEY | ) | (WO) |
| | ) | |
| Defendant. | ) | |

## ORDER

This case is before the court on a Motion for Summary Judgment (Doc. # 24) filed by the Plaintiffs, William David Burris and Deborah Lee English, as Trustees for the Howard H. Burris Revocable Living Trust Dated December 4, 1999 ("the Trust"). The court has jurisdiction of this case by virtue of diversity of citizenship.

In their Motion, the Plaintiffs seek to collect from the Defendant, Donald L. Holley, amounts due pursuant to a promissory note assigned to the Trust by Gulf Coast Community Bank ("Gulf Coast"). The Plaintiffs contend that the note was issued on June 20, 2007 in connection with a $246,190.32 loan from Gulf Coast to the Defendant. The note was guaranteed by the Trust, and the Trust assigned Gulf Coast a security interest in a CD account with the approximate balance of $286,621.49. Following the Defendant's default on the note, Gulf Coast redeemed the Certificate of Deposit, and assigned the note to the Trust.

In support of the motion, the Plaintiffs provide evidence that amounts are due the

Plaintiffs totaling $285,422.78 plus per diem interest of $46.86 until judgment is entered, in addition to court costs and attorneys fees. The Plaintiffs have submitted the following as evidence: the 2006 promissory note between Holley and Gulf Coast (Doc. #1, Exhibit A), the Guarantee executed by Howard H. Burris to secure the 2006 note between Holley and Gulf Coast (Doc. #1, Exhibit B), the Assignment of Deposit Account executed by William David Burris, as Trustee, as additional security for the 2006 note (Doc. #1, Exhibit C), the 2007 promissory note that is the subject of this suit, executed in connection with a second loan from Gulf Coast to the Defendant (Doc. #1, Exhibit D), the Guarantee executed by William David Burris, as Trustee, to secure the 2007 note (Doc. #1, Exhibit E), the Assignment of Deposit Account executed by William David Burris, as Trustee, as additional security for the 2007 note (Doc. #1, Exhibit F), the Assignment by which Gulf Coast assigned the 2007 note to the Plaintiffs (Doc. #1, Exhibit G), the letter dated March 12, 2008 from the Trust to Holley demanding full payment on the note, plus interest and costs associated with collection (Doc. #1, Exhibit H), an Affidavit by William David Burris (Doc. #25, Attachment #1), and an Affidavit by Jerry E. Burden, Senior Vice President of Gulf Coast (Doc. #25, Attachment #2).

On March 23, 2009, this court entered an Order giving Holley until April 13, 2009 to respond to the Plaintiffs' motion, and setting the Motion for Summary Judgment for submission on April 20, 2009. As of the date of this Order, Holley had not filed a response to the Motion for Summary Judgment.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th

Cir. 2004).  The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02.  Accordingly, the court will review the evidentiary materials presented by the Plaintiff in accordance with Rule 56 of the Federal Rules of Civil Procedure.

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Plaintiffs have met this burden by supporting the motion with evidence.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.  Fed. R. Civ. P. 56(e).

By failing to file any evidence in response to the Motion for Summary Judgment, the Defendants have failed to meet their burden.  Further, the court has reviewed the evidentiary materials submitted by the Plaintiffs and finds no question of fact as to any material issue raised by the Plaintiffs as a ground for summary judgment.

Accordingly, it is hereby ORDERED that the Motion for Summary Judgment (Doc. # 24) is GRANTED.  Judgment will be entered in favor of the Plaintiffs in the amount of $287,297.18 together with costs and attorneys' fees.

The Plaintiffs have until May 12, 2009 to file their motion for attorneys fees in accordance with Fed. R. Civ. P. 54(d)(2).

Done this 28th day of April, 2009.

      /s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE